UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL BRUNELLO,                                                        Plaintiff,

v.                                                                     Civil Action No. 3:19-cv-P571-DJH

JOSH LIMBALM *et al.*,                                              Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow Plaintiff the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff Michael Brunello is incarcerated at the Hardin County Detention Center (HCDC). He names as Defendants HCDC Jailer Josh Lindbalm; Lt. Col. Allan New; Captain David Kineline; and Nurse Practitioner Christy Curry.[1] He sues these Defendants in both their official and individual capacities.

In the complaint, Plaintiff alleges as follows:

I have been subjected to crueal and unsuel punishment since May First 2019 at HCDC; was put in solitary confinement but did not break any rules or have any disciplinary actions Then on May 7th was moved to super max and on the 13th was locked down with all privalegies taken away but I did nothing wrong: was on lockdown for 19 days with no privalegies. On May 10th when I went to court: got no lunch. I got no help for my mental health after putting in losts of requests and grivenies. I have been denied my right to law library; was seen by the syc and she

---

[1] This is how Plaintiff spelled Defendants' names in the caption of the complaint form. However, in the "Parties" section of the complaint form, he identified "David Kineline" as "David Kenline" and "Christy Curry" as "Christy Wright."

said can't give u any meds for your depression or anxitye.

As relief, Plaintiff seeks compensatory and punitive damages and his "charges dismissed."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. SEGREGATION AND LOSS OF PRIVILEGES

The Court first turns to Plaintiff's allegation that he was placed in solitary confinement, then in "super max," and then on lockdown, and denied certain privileges at HCDC for approximately 32 days even though he did not commit a disciplinary infraction.

The Due Process Clause of the Fourteenth Amendment does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to *Sandin*, a prisoner is entitled to the

protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Generally, courts consider the nature and duration of a stay in segregation in determining whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008).

Here, the complaint indicates that Plaintiff's placement in some type of segregation lasted no longer than 32 days in total. In general, this length of time is insufficient to support a due process claim. *See Sandin*, 515 U.S. at 486 (holding that disciplinary segregation for 30 days was not an atypical and significant deprivation); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (holding that the prisoner failed to state a due-process claim where he was placed in segregation for 61 days). Moreover, although Plaintiff also alleges that he was denied certain privileges during his placement in segregation, this vague allegation is not sufficient to show that Plaintiff suffered an atypical and significant hardship. *See Langford v. Koskela*, No. 16-1435, 2017 U.S. App. LEXIS 28036, at *9 (6th Cir. Jan. 24, 2017) (30 days of loss of privileges and 30 days of "toplock"[2] is not an atypical and significant hardship); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) ("[Plaintiff] has no due process claim for the loss of privileges and confinement to segregation.").

Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

---

[2] Toplock is "a restriction placed on prisoners requiring them to remain in their cell[s] with limited periods of release." *King v. Zamiara*, 680 F.3d 686, 690 n.6 (6th Cir. 2012); *see also Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir. 2001)

### B. DENIAL OF ACCESS TO LAW LIBRARY

Plaintiff also summarily alleges that he has "been denied my right to [a] law library" at HCDC.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id*. at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or to certain books, fails to state a claim. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, a plaintiff must demonstrate an actual injury. *Id*. He must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis v. Casey*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented").

Plaintiff fails to allege any injury to past or present litigation as a result of not having access to a law library at HCDC. Thus, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### C. DENIAL OF MEDICAL CARE

Plaintiff also alleges that he got "no help for my mental health after putting in losts of requests." He further states that he has depression and anxiety but that the "syc" told him that

she could not give him any medication for these issues.

To establish an Eighth Amendment[3] violation related to medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837-38.

Here, the Court finds that Plaintiff's allegations do not establish a constitutional violation, most specifically because but he does not allege that any named Defendant was involved in this denial of medical care. However, the Court will allow Plaintiff the opportunity to amend the complaint to name the medical care provider, whom he identifies as "syc," and/or any other official who allegedly denied him mental health care, as Defendant(s) in this action, and to provide more factual detail regarding this claim. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint

---

[3] While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees, such as Plaintiff. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. The exception applies only to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466, (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *3 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate indifference to a serious medical need claim brought by a pretrial detainee). Therefore, the Court will analyze Plaintiff's claims of denial of mental health care under the Eighth Amendment's deliberate-indifference standard.

even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."

### D. INJUNCTIVE RELIEF

The Court next turns to Plaintiff's request for injunctive relief. As stated above, Plaintiff requests that his "charges [be] dismissed."

Because Plaintiff is a pretrial detainee, the Court presumes that he is referring to any state-court criminal charges currently pending against him. This Court, however, has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not set forth in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996).

Thus, Plaintiff's claim for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

### E. NAMED DEFENDANTS

Finally, the Court notes that Plaintiff has failed to state a claim against any named Defendant. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct,

the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Because the complaint contains no specific allegations against any Defendant, the Court will dismiss them from this action for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim based upon his alleged placement in segregation and loss of privileges; his claim based upon denial of access to a law library; his claim for injunctive relief; and any claims against the named Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

As such, the **Clerk of Court** is **DIRECTED to terminate the named Defendants as parties to this action.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name as Defendant(s), the medical care provider, whom he identifies as "syc," who allegedly denied him medication for his anxiety and depression, and any other official who allegedly denied him mental health care; to sue these Defendant(s) in their individual capacities; and to provide more details regarding the effect of their actions upon Plaintiff.[4] Plaintiff must**

---

[4] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review.

**also tender a summons form for any newly named Defendant.**

**The Clerk of Court is DIRECTED to place this case number and word "Amended" on a § 1983 complaint form, along with two blank summons forms, and send them to Plaintiff for his use should he decide to file an amended complaint.**

If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action for the reasons stated herein.

Date: August 28, 2019

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
Defendants
Hardin County Attorney
4415.011